IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMIE COTHRAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-07-552-R |
| | ) | |
| JUSTIN JONES, et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER

Plaintiff filed this action alleging a violation of his constitutional rights with regard to his incarceration with the Department of Corrections. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bana Roberts for preliminary review. On April 14, 2008, Judge Roberts issued a Report and Recommendation, wherein she recommended that the Defendants' motion for summary judgment be granted. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of any specific objection raised by Plaintiff. The Court previously ordered Defendants to provide additional information, and they have complied. Accordingly, the matter is ripe for adjudication.

The Court first considers Plaintiff's request for additional time in which to respond to the motion for summary judgment, a request that Judge Roberts recommended be denied. In response to the recommendation, Plaintiff asserts that he is in substantial pain as a result of the hernia and therefore was unable to file a timely response to the motion for summary

judgment. The motion to dismiss/motion for summary judgment was filed on November 19, 2007, and thus according to the Court's rules a response was due on December 7, 2007. Rather than filing a timely response, Plaintiff filed a serious of requests for additional time, the last of which was granted by Judge Roberts on March 3, 2008, granted Plaintiff until March 28, 2008 in which to respond. Rather than responding, Plaintiff filed an additional request for extension of time on March 27, 2008.[1]

Plaintiff's prior requests for extension of time indicate only that he had limited access to the law library. None of the requests alleged that Plaintiff was unable to respond as a result of hernia-related pain. The Court concludes, as did Judge Roberts' that his allegations of pain were a last-ditch effort to avoid her warning that no additional extensions would be provided. Accordingly, because Plaintiff had ample opportunity to respond to the motions, his failure to respond by March 28, 2008, will not be excused nor will additional time be granted.[2]

Plaintiff also objects, although without any elaboration, to Judge Roberts' recommendation that his request for the appointment of counsel be denied. 28 U.S.C. §1915(e) grants the Court broad discretion to request an attorney to represent an indigent litigant in a civil proceeding. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). As noted by Judge Roberts' Plaintiff does not meet this criteria, and again, agreeing to

---

[1] The March 3, 2008 order noted that no further extensions of time would be granted.

[2] The Court notes that such an extension would likely be futile at this juncture. Defendants informed the Court that Plaintiff was released from custody on May 21, 2008, and as of this date he has yet to inform the Court of his change of address. Thus it would be impossible to communicate any extension to him.

appointment would appear futile at this juncture in light of Plaintiff's failure to apprise the Court as to his whereabouts.

Finally, the Court turns to the merits of Plaintiff's claims. Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs because they refused to schedule surgery to repair his reducible hernia. In the Report and Recommendation, Judge Roberts recommended that summary judgment be granted to the Defendants because Plaintiff had failed to proffer evidence of any deliberate indifference by any Defendant, rather he merely disagreed with their treatment protocol, insisting on surgery when a reducible hernia may be treated by restriction on activities and conservative management.

Having reviewed the Report and Recommendation and the objection thereto, the Court concludes that Judge Roberts was correct in her recommendation that summary judgment be granted to Defendants because Plaintiff's constitutional rights were not violated by the treatment he received while incarcerated. Although Plaintiff disagrees and believes he was entitled to surgery to repair the hernia, the undisputed medical evidence is that a reducible hernia may be treated conservatively and that surgery is an elective procedure when the hernia may be returned to its proper position manually. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claims and the Report and Recommendation is hereby ADOPTED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 30th day of May 2008.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE